UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

CHRISTIAN SCALIA
and other similarly situated individuals,

    Plaintiff(s),

v.

GRAZIANO'S GOURMET AT AVENTURA, LLC,
a/k/a GRAZIANO'S MARKET AVENTURA,
ROBERT GRAZIANO,
LEO GRAZIANO, individually

    Defendants,
_____/

COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, CHRISTIAN SCALIA, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants GRAZIANO'S GOURMET AT AVENTURA, LLC, a/k/a/ GRAZIANO'S MARKET AVENTURA, ROBERT GRAZIANO, and LEO GRAZIANO, individually and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff CHRISTIAN SCALIA is a resident of Miami-Dade County, Plaintiff is a covered employee for purposes of the Act.

3. Defendant GRAZIANO'S GOURMET AT AVENTURA, LLC, a/k/a/ GRAZIANO'S MARKET AVENTURA (hereinafter GRAZIANO'S RESTAURANT, or Defendant) is a

Florida corporation, having a place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto, Defendant was engaged in interstate commerce.

4. The individual Defendants ROBERT GRAZIANO and LEO GRAZIANO were and are now, the owners/partners/managers of Defendant Corporation GRAZIANO'S RESTAURANT. These individual Defendants are the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the action raised in this complaint took place in Miami/Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff CHRISTIAN SCALIA to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA or the "ACT").

7. Corporate Defendant GRAZIANO'S RESTAURANT is a combination of an Argentinian restaurant, deli, bakery, and gourmet market, located at 2920 NE 207th ST, Unit 107, Aventura, FL 33180.

8. Defendant GRAZIANO'S RESTAURANT, employed Plaintiff CHRISTIAN SCALIA as a non-exempted full-time restaurant employee approximately from August 1994 to May 02, 2022, or more than 27 years. However, for FLSA purposes, Plaintiff's relevant time of employment is 153 weeks.

9. During the relevant employment period, Plaintiff had duties as a cook, line cook, baker, butcher, cashier, waiter, busser, and dishwasher, stocking employee. Plaintiff performed all kinds of non-exempted restaurant and gourmet market work.

10. Plaintiff worked six days per week, usually from 6:00 AM to 6:00 PM (12 hours daily), or 72 hours weekly.  Plaintiff did not take bonafide lunchtime.

11. Plaintiff worked under the supervision of owners/managers ROBERT GRAZIANO and LEO GRAZIANO.

12. During the relevant time of employment, Plaintiff was paid a salary of $1,346.16 weekly. Plaintiff was paid the same amount regardless of the number of hours worked in a week. Plaintiff was not paid for overtime hours.

13. Plaintiff worked consistently more than 40 hours weekly.  However, Defendants did not pay Plaintiff overtime hours, as required by law.

14. Plaintiff clocked in and out, and Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants were in complete control of Plaintiff's schedule and activities, and they knew about the number of hours worked by Plaintiff and other similarly situated individuals.

15. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

16. Plaintiff was paid bi-weekly with paystubs that did not show the number of hours worked.

17. On or about May 02, 2022, Plaintiff was fired after almost 28 years of loyal services, due to discriminatory reasons. Plaintiff is in the process of filing his Charge of Discrimination with the US Equal Employment Opportunity Commission (EEOC).

18. Plaintiff CHRISTIAN SCALIA seeks to recover from Defendants overtime wages at the rate of time and a half his regular rate, for every hour in excess of 40 that he worked in a week and any other relief as allowable by law.

19. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

20. Plaintiff CHRISTIAN SCALIA re-adopts every factual allegation stated in paragraphs 1-19 above as if set out in full herein.

21. This cause of action is brought by Plaintiff CHRISTIAN SCALIA as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after May 2019, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

22. Defendant GRAZIANO'S RESTAURANT was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is an Argentinian restaurant/deli/bakery and gourmet market and is engaged in interstate commerce. Defendant uses the instrumentalities of interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

23. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

24. Defendants GRAZIANO'S RESTAURANT, ROBERT GRAZIANO, and LEO GRAZIANO, employed Plaintiff CHRISTIAN SCALIA as a non-exempted full-time restaurant employee approximately from August 1994 to May 02, 2022, or more than 27 years. However, for FLSA purposes, Plaintiff's relevant time of employment is 153 weeks.

25. During the relevant employment period, Plaintiff had duties as a cook, line cook, baker, butcher, cashier, waiter, busser, and dishwasher, stocking employee. Plaintiff performed all kinds of non-exempted restaurant and gourmet market work.

26. Plaintiff worked six days per week, usually from 6:00 AM to 6:00 PM (12 hours daily), or 72 hours weekly.  Plaintiff did not take bonafide lunchtime.

27. During the relevant time of employment, Plaintiff was paid a salary of $1,346.16 weekly. Plaintiff was paid the same amount regardless of the number of hours worked in a week. Plaintiff was not paid for overtime hours.

28. Plaintiff worked consistently more than 40 hours weekly.  However, Defendants did not pay Plaintiff overtime hours, as required by law.

29. Plaintiff clocked in and out, and Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

30. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

31. Plaintiff was paid bi-weekly with paystubs that did not show the number of hours worked.

32. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

33. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

34. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

35. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

    \* Please note that this amount is based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Forty-Five Thousand Seven Hundred Seventy-Seven Dollars and 60/100 ($45,777.60)

    b. <u>Calculation of such wages:</u>

    Total time of employment: More than 27 years
    Relevant weeks of employment:  153 weeks
    Total hours worked:  72 hours weekly
    Total overtime hours: 32
    Salary: $1.346.16:72 hours=$18.70
    Regular rate: $18.70 x 1.5=$28.05 O/T rate-$18.70 rate paid=$9.35 half-time
    Half-time: $9.35 an hour

    Half-time $9.35 x 32 O/T hours=$299.20 weekly x 153 weeks=$45,777.60

    <u>Nature of wages (e.g., overtime or straight time):</u>

    This amount represents unpaid half-time overtime wages.

36. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

37. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

38. At the times mentioned, individual Defendants ROBERT GRAZIANO and LEO GRAZIANO were the owners/directors/managers of GRAZIANO'S RESTAURANT. Defendants ROBERT GRAZIANO and LEO GRAZIANO were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in the interests of GRAZIANO'S RESTAURANT in relation to its employees, including Plaintiff and others similarly situated. Defendants ROBERT GRAZIANO and LEO GRAZIANO had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for Plaintiff's damages.

39. Defendants GRAZIANO'S RESTAURANT, ROBERT GRAZIANO, and LEO GRAZIANO willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

40. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff CHRISTIAN SCALIA and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff CHRISTIAN SCALIA and other similarly situated individuals and against the Defendants GRAZIANO'S RESTAURANT, ROBERT GRAZIANO, and LEO GRAZIANO based on Defendants' willful violations of the Fair Labor Standards Act, 29

U.S.C. § 201 et seq.; and

B. Award Plaintiff CHRISTIAN SCALIA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff CHRISTIAN SCALIA demands a trial by jury of all issues triable as of right by jury.

Dated: June 12, 2022

Respectfully submitted

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:   (305) 446-1500
Facsimile:   (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*